JOSEPH EHRET, PLAINTIFF-APPELLEE, v. MICHAEL BASSO, DEFENDANT-APPELLANT.

Submitted October 16, 1925—Decided January 21, 1926.

**Negotiable Instruments—Promissory Note in Which Plaintiff is Maker and Defendant is Payee—This Does Not Interfere With the True Relations Being Shown by Parole Evidence— In Renewing Note the Maker of the Original Note Became the Endorser, and the Endorser of the Original Note Became Maker of the New Note—Same Debt Involved.**

On defendant's appeal from the District Court.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiff-appellee, *Philip Chamberlain.*

For the defendant-appellant, *William Reich.*

PER CURIAM.

This suit is based upon a promissory note, but involves the unusual feature that the plaintiff is the maker named in the note and the defendant the payee. But this does not stand in the way of the true relations of the parties being shown by parol evidence. *Morgan* v. *Thompson, 72 N. J. L.* 244. The circumstances were substantially as follows: The note was a renewal, or given in renewal, of a former note arising out of the following transaction: Ehret sold to a man named Leffever a popcorn machine for $175, receiving no cash. Leffever offered a note, but plaintiff was unwilling to accept it without an endorser, so Leffever procured the defendant, Basso, to endorse it, and a note was made in 1922 by Leffever to the order of Basso for $175, endorsed by Basso and delivered to the plaintiff, whereupon the popcorn machine was delivered to Leffever. The case does not show whether the note was discounted at any bank, but it does

show that the note was not paid, and that in some way Basso had notice of that fact. Plaintiff then demanded of Basso payment of the former note, and, as a result of the interveiw, this new note was made in which the plaintiff appears as maker and Basso the payee. There can be no question that, at the time the second note was made, Basso was liable to the plaintiff as endorser, provided he had proper notice of dishonor, and there is no claim that he did not. It seems equally plain that the second note was given as a substitute for this liability of Basso, and, in all probability, to give him more time to pay. The sum of $25 had been paid on the first note, and, consequently, the second was drawn for $150. If the claim is based upon the second note, the action is between the maker and the payee of that note, and, consequently, questions of notice of non-payment are not relevant. But, as was said in Morgan v. Thompson: "The note is a mere item of evidence in the transaction, and the note is only *prima facie* evidence of the order of liability of the parties." Negotiable Instruments act, section 68.

The court was asked to nonsuit on the ground that no notice of dishonor was given; also on the ground that on the face of the note the plaintiff was maker and could not recover against the payee, and on the ground that the maker of the former note was Leffever and his name was omitted from the second note; also to direct on the same grounds. The trial court took the proper view of the case and refused both motions and ordered a judgment for the plaintiff. This judgment was manifestly right on the state of facts found by the trial court, and is therefore affirmed.